**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EDWARD MAMBUCA,** | ) |
| Petitioner, | ) |
| vs. | ) Case No. 05-CV-343-JHP-FHM |
| **HASKELL HIGGINS, Warden,** | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 15), and provided the state court records (Dkt. #s 15 and 16) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 19) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

In July 2002, Petitioner Edward Mambuca decided to move back to Tulsa, Oklahoma, from his home in Florida to be closer to his three sons, sixteen (16) year old twins LM and LeM, and four (4) year old LaM. Sometime after 9 p.m. on July 27, 2002, Petitioner arrived at the home of his estranged wife, Penny Mambuca, with whom his sons lived. Before long, Petitioner and Penny began arguing. The argument escalated and Petitioner threatened to harm Penny with a metal fingernail file. Fearing for her safety, Penny ran into the twins' bedroom. LM and LeM attempted to defend their mother and began physically fighting with Petitioner who held the metal fingernail file in his right hand. After being shoved by Petitioner, LeM hit Petitioner in the left eye. Petitioner shoved LM backward into a mirror which shattered. Petitioner threw a glass mug at LeM hitting him in the face. As a result of the physical confrontation with his father, LeM sustained multiple

lacerations to the left side of his body and face and required medical treatment. He received seven (7) stitches to the back of his neck, three (3) in his arm, seven (7) in his lip, three (3) on his eyebrow, and twelve (12) on his back.

As a result of these events, Petitioner was arrested and charged with Assault With a Dangerous Weapon, in Tulsa County District Court, Case No. CF-2002-4359. After the preliminary hearing, the charge was amended to Assault and Battery With a Dangerous Weapon. On February 4, 2004, a jury found Petitioner guilty as charged. On March 15, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation to six and one-half (6 ½) years imprisonment. Attorney Richard Couch represented Petitioner at trial.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Paula Alfred. In his brief-in-chief, he raised two (2) propositions of error as follows:

> Proposition 1: Mr. Mambuca was prejudiced by counsel's decision not to file and argue a motion to quash which would have resulted in dismissal or reduction of the charge.
>
> Proposition 2: The Judge erred when he permitted the alleged victim to remove his shirt and show his injuries to the jury.

(Dkt. # 15, Ex. 1). Petitioner also filed a *pro se* supplemental brief raising two (2) additional grounds of error as follows:

> Proposition 3: Trial court erroneously instructed, mislead [sic] and influenced the jury to reach a verdict of guilty by submission of Instruction No. 11 direct evidence of photographs showing wounds when know [sic] evidence or testimony was presented on any manner of use of a weapon by Mr. Edward Mambuca to cause such injuries.
>
> Proposition 4: Prosecution failed to prove beyond a reasonable doubt essential element by not proven [sic] manner of use of a sharp or dangerous weapon to sustain conviction of Assault and Battery with a Dangerous Weapon.

(Dkt. # 15, Ex. 2). In an unpublished summary opinion, filed March 24, 2005, in Case No. F-2004-264, see Dkt. # 15, Ex. 3, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court.

Petitioner filed the instant habeas corpus petition on June 16, 2005 (Dkt. # 1). In his petition and supporting brief (Dkt. # 2), Petitioner identifies the following ground of error:

> Ground 1: The Oklahoma Criminal Court of Appeals committed fundamental error by not remanding the case for new trial where Petitioner was prejudiced by his trial counsel's failure to file and argue a motion to quash wherein states evidence at preliminary hearing was insufficient to prove crime of assault and battery with a dangerous weapon was committed which would have resulted in dismissal or reduction of the charge. The OCCA should have found that Petitioner were [sic] denied due process and equal protection of the law.

(Dkt. # 2). Although not set out as separate grounds of error, Petitioner also challenges the sufficiency of the evidence and the instructions given to the jury. In response to the petition, Respondent addresses three (3) claims and argues that the claims are not cognizable on federal habeas corpus review or that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 15.

## *ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### 1. *Ineffective assistance of trial counsel*

Petitioner claims that the state presented insufficient evidence at the preliminary hearing to establish that he used a 2 inch fingernail file in a dangerous manner. As a result, Petitioner contends that his attorney provided ineffective assistance in failing to file a motion to quash, as there was insufficient evidence to bind him over for trial. Citing Selsor v. State, 2 P.3d 344, 354 (Okla. Crim.

App. 2000), the OCCA rejected this claim, finding that trial counsel cannot be deemed ineffective for failing to raise an argument lacking merit. See Dkt. # 15, Ex. 3.

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claim was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

State law provides that at a preliminary hearing, the State has the burden of establishing probable cause that a crime was committed and that the defendant committed the crime. Primeaux v. State, 88 P.3d 893, 900 (Okla. Crim. App. 2004) (citing Okla. Stat. tit. 22, § 258). This burden is substantially lower that the State's burden of proof at trial. Bland v. State, 4 P.3d 702, 721 (Okla. Crim. App. 2000). In this case, contrary to Petitioner's contention, the record demonstrates that the State presented sufficient evidence to bind Petitioner over for trial. The victim, Petitioner's son LeM, testified at the preliminary hearing that at about 1 a.m. on July 28, 2002, he had an altercation with his father. See Dkt. # 16, Trans. Prelim. Hr'g at 6. LeM testified that his mother and Petitioner had been fighting and that Petitioner was angry. Id. During the altercation, LeM sustained injuries caused by a metal fingernail file held by his father. Id. at 7, 14. When viewed in its entirety, the victim's testimony at the preliminary hearing identified Petitioner as the assailant, and unequivocally indicated that Petitioner used the fingernail file to inflict injury. Thus, in light of the victim's testimony at the preliminary hearing, the Court finds that Petitioner's counsel did not perform deficiently in failing to file a motion to quash. Petitioner has failed to demonstrate entitlement to habeas corpus relief under 28 U.S.C. § 2254(d).

*2. Insufficient evidence*

Petitioner argues that the State failed to present evidence proving beyond a reasonable doubt the manner of use of a sharp or dangerous weapon and that, therefore, the evidence was insufficient to sustain his conviction. Petitioner raised this claim on direct appeal. The OCCA cited Peninger v. State, 721 P.2d 1338, 1341 (Okla. Crim. App. 1986), and held that "[a] rational trier of fact could have easily found that the nail file was a dangerous weapon and that Mambuca intended to injure the victim." (Dkt. # 15, Ex. 3).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was

sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. In Oklahoma, the elements of assault and battery with a dangerous weapon are: (1) an assault and battery; (2) upon another person; (3) with a sharp or dangerous weapon; (4) without justifiable or excusable cause; and (5) with intent to do bodily harm. See Okla. Stat. tit. 21, § 645.  Petitioner argues that the state failed to present evidence demonstrating that a fingernail file is a dangerous weapon.  A dangerous weapon is "any implement likely to produce death or great bodily harm in the manner it is used or attempted to be used." OUJI-CR 2d 4-28.  In this case, the State presented evidence that Petitioner threatened to harm Mrs. Mambuca with the metal fingernail file. See Dkt. # 16, Tr. Trans. II at 35, 105, 144-45. Mrs. Mambuca testified that Petitioner told her he could kill her with the file. Id. at 35. Once his sons intervened, Petitioner began swinging the fingernail file in the air and asked LeM what he was going to do about it. Id. at 37.  Petitioner's son LM testified that although he did not actually see Petitioner stab LeM with the file, it looked like Petitioner was slapping LeM in a downward motion. Id. at 114-115. This evidence, and any reasonable inferences that might be drawn from it, was sufficient to convince a rational juror beyond a reasonable doubt that Petitioner used the fingernail file as a dangerous weapon. Based on Oklahoma law and the cited evidence, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of assault and battery with a dangerous weapon.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28

U.S.C. § 2254(d)(1), nor was it an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas relief on this claim.

### *3. Erroneous and/or prejudicial jury instructions*

Petitioner alleges that he was denied a fair trial by the trial court's issuance of prejudicial jury instructions. See Dkt. # 2. Petitioner raised this claim on direct appeal. The OCCA rejected the claim, citing Phillips v. State, 989 P.2d 1017, 1037-38 (Okla. Crim. App. 1999), and stating that "Mambuca's jury was given appropriate and accurate OUJI instructions based upon the law and evidence." See Dkt. # 15, Ex. 3.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

The Court has reviewed the jury instructions, see Dkt. # 15, Ex. 4, and finds that Petitioner's jury was properly instructed under Oklahoma law. Petitioner has failed to demonstrate that the instructions were so fundamentally unfair as to deprive him of a fair trial and to due process of law. Therefore, the OCCA's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor did it result in a decision based on an

unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Accordingly, Petitioner is not entitled to habeas corpus relief based on his challenge to the jury instructions.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 20th day of February 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma